UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Ulysses Adonis Haggenmiller,  Civil No. 06-641 DSD/AJB

          Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Eric Klang,

          Defendant.

This matter is before the court for report and recommendation on defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 13]. The action has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Plaintiff filed a pro se complaint for violation of civil rights under 42 U.S.C. § 1983, and an amended complaint has been filed pursuant to Order dated September 14, 2006. The initial complaint alleged violations of plaintiff's Eighth Amendment rights with respect to jail strip searches and cold jail cell conditions during a jail construction project at the Crow Wing County Jail. The amended complaint deletes the strip search claim and contains additional fact allegations relating to the cold conditions claim.[1]

Defendant Eric Klang is the Crow Wing County Sheriff. He now moves for dismissal of the action, asserting that the claim against him is in his official capacity only and the complaint fails to

---

[1] The amended complaint merely restates the federal cause of action that was already alleged in the initial complaint, although it contains additional factual allegations apparently designed to cure deficiencies alleged in defendant's motion to dismiss. The amended complaint also purports to include state tort claims and seeks supplemental jurisdiction over those claims.

allege that defendant acted pursuant to unconstitutional policy; that the plaintiff did not exhaust administrative remedies; and that plaintiff has not satisfied minimum pleading requirements for an Eighth Amendment action based upon either direct conduct or negligent supervision.  For reasons discussed below the court recommends that the defendant's motion to dismiss the Eighth Amendment claim be granted, that the court decline to exercise supplemental jurisdiction over any state law tort claims, and that the amended complaint in this action be dismissed with prejudice.

## DISCUSSION

**Fact Allegations and Claims**

Plaintiff Ulysses Adonis Haggenmiller commenced this action to assert claims that arose while he was detained at the Crow Wing County Jail.  He is presently a Minnesota state prisoner incarcerated at Minnesota Correctional Facility–Oak Park Heights.  Defendant Eric Klang is the Crow Wing County Sheriff.  The amended complaint generally alleges that defendant Klang refused to provide heat while plaintiff was an inmate at the Crow Wing County Jail for a period of time during April 2005, and that plaintiff contracted an ear infection, with loss of hearing, as a result of the cold conditions at the jail.  Plaintiff particularly alleges that the heating system was shut down for construction purposes involving the connection of the heating systems of several county buildings to a main heating system.[2]  The heating system shut down was pursuant to a schedule to which construction contractors were required to comply.[3]  In April 2005, there was colder than normal weather that Crow Wing County officials did not anticipate, but the county officials refused to delay the project

---

[2] Amended Complaint, §§ 10-12.

[3] Id., § 13.

because of scheduling and construction cost considerations.[4]  Plaintiff further alleges that prisoners were typically allowed two blankets and a sweat shirt on request, but that during this cold spell inmates were asking for, and were being provided, three or more blankets and two sweatshirts.[5]  Furthermore, other inmates and a jail officer experienced and commented on these cold conditions.[6]

Plaintiff contends that he suffered an ear infection that was a direct result of the conditions in the Crow Wing County Jail, and that the ear infection caused severe scarring on this eardrum and permanent loss of hearing.[7]  He states that he was brought to the Brainerd Medical Center where he was seen by Tammy Muesing, P.A.C., on the morning of April 30, 2005, in regards to right ear pain and sinus pressure.[8]  At the medical center plaintiff was treated for ear infection and was prescribed Amoxicillin, as well as Tylenol or ibuprofen as needed for discomfort.[9]  The medical treatment was overseen by Dr. Richard Roberts.[10]

For his claims in this matter plaintiff alleges that the defendant was deliberately indifferent and showed reckless disregard of the health and safety of inmates at the Crow Wing County Jail by refusing to delay construction due to cold weather.  Plaintiff further alleges that

---

[4] Amended Complaint, §§ 14-15.

[5] Id., §§ 16-18.

[6] Id., §§ 19-20.

[7] Id., §§ 21-22.

[8] Id., §§ 5-6.

[9] Id., §§ 7-8.

[10] Id., § 9.

3

defendant Eric Klang was the supervising authority with respect to final decisions on the operation of the jail and that the sheriff's failure to take appropriate action constituted deliberate indifference and was in violation of the Eighth Amendment. As relief in this case the plaintiff seeks compensatory damages for pain and suffering, right ear damage, loss of hearing, and emotional distress. Plaintiff also seeks an award of punitive damages. Defendant moves to dismiss the action on grounds that the plaintiff has not exhausted administrative remedies and has not sufficiently stated a cause of action for Eighth Amendment violation based upon either the offending conduct itself or the defendant's official capacity liability for such conduct.

**Standard of Review**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the court should liberally construe a pro se complaint and should not dismiss claims "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986)(citing Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957). A plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985), but the court must presume that factual allegations in the complaint are true and accord reasonable inferences in favor of the non-moving party. Holloway, 792 F.2d at 762.

**Exhaustion**

The Prison Litigation Reform Act at 42 U.S.C. § 1997e(a) expressly mandates the exhaustion of administrative remedies prior to commencement of any action relating to prison conditions under § 1983, or any other Federal law. Defendants assert that plaintiff has not filed an

4

administrative complaint regarding any aspect of this law suit and that the complaint should therefore be dismissed. Defendant does not reference any specific administrative complaint or grievance procedure existing at the Crow Wing County Jail. Meanwhile, in his response to the motion plaintiff states that he did contact the Crow Wing county board, the county attorney, and the sheriff, but that each of those parties refused to reply to his complaints.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion statute as amended by the Prisoner Litigation Reform Act in 1996 leaves the district court with significantly less discretion with respect to the exhaustion requirement than the predecessor provision. Porter v. Nussle, 122 S.Ct. at 988. Indeed, exhaustion is now mandatory. Id. (citing Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819 (2001)). All available remedies must be exhausted and such remedies need not meet particular federal standards or be plain, speedy, and effective. Id. The exhaustion requirement applies when the prisoner seeks money damages, even though money damages may not be available through administrative appeals, and 42 U.S.C. § 1997e(a) requires exhaustion for all actions relating to prison conditions whether brought under § 1983 or any other Federal law. Id. Under the PLRA it is contemplated that suits relating to prison conditions includes "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 122 S.Ct. at 992. However, failure to exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a), is an affirmative defense which need not be pleaded by the plaintiff. See

Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005).

It is not apparent on the face of the amended complaint in this matter that the plaintiff has not met the exhaustion requirement, and Rule 12(b)(6) dismissal on nonexhaustion grounds is therefore not appropriate. See Smith v. Unknown Corrections Officer, 2006 WL 2620837 (8th Cir., Sept. 14, 2006) (unpublished opinion) (citing cf. Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006)(affirming dismissal where record established that administrative remedies had not been timely exhausted)). Moreover, in the present instance the defendant has not established that an administrative complaint procedure exists at the Crow Wing County Jail, and has also not shown that plaintiff was made aware of such procedure and failed to comply with that procedure. Under these circumstances dismissal of the action on nonexhaustion grounds is not appropriate on Rule 12(b)(6) motion.

**Eighth Amendment**

Plaintiff Ulysses Haggenmiller's constitutional claim in this matter is that defendant Eric Klang violated his Eighth Amendment rights by failing to take action with respect to the cold conditions at the Crow Wing County Jail during April 2005. The amended complaint describes defendant's alleged conduct as being deliberately indifferent and showing reckless disregard for the health and safety of inmates. The amended complaint does not contain a claim that the prisoner was denied medical care, though it does assert that he suffered adverse health consequences, i.e. an ear infection, as a result of the cold conditions. Indeed, plaintiff specifically states that he was provided professional medical attention for the ear problems, and that he was prescribed amoxicillin and pain medication for his ear infection. The complaint also states that jail personnel recognized that the facility was

6

unnaturally cold and offered extra clothing and blankets to inmates to compensate for the conditions.

To establish an Eighth Amendment claim the plaintiff must show a serious deprivation of "the minimal civilized measure of life's necessities" and "offending conduct [that is] wanton." Key v. McKinney, 176 F.3d 1083, 1086 (8th Cir. 1999)(quoting Wilson v. Seiter, 501 U.S. 294, 298, 302, 111 S.Ct. 2321 (1991)). Indeed, a plaintiff must establish that he was forced to endure conditions which amounted to "unnecessary and wanton infliction of pain." Weekly v. Cahalin, __ F.3d __, 2006 WL 2331186 (W.D. Mo., Aug. 8, 2006)(citing Gregg v. Georgia, 428 U.S. 153 (1976). Conditions are not cruel and unusual simply because they are harsh or uncomfortable. Id. at *1 (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994). An Eighth Amendment action challenging conditions of confinement requires a showing that jail officials have been deliberately indifferent to an inmate's health or safety. Key v. McKinney, 176 F.3d at 1086.

The amended complaint in this case does not contain allegations sufficient to establish a cause of action for an Eighth Amendment violation. In particular, plaintiff fails to allege any conduct that can be construed as wanton. Although he has arguably alleged deprivation of one of life's necessities, i.e. a sufficiently heated cell, he has also alleged that inmates were provided additional clothing and blankets.[11] These facts essentially contradict the notion that defendant's conduct was

---

[11] In the initial complaint the prisoner stated that the temperature at the jail was approximately 30 to 35 degrees Celsius for over a one week period. These are temperatures in the high 80's to mid 90's Fahrenheit and the court assumes the statement was in error. In any event, there are no allegations describing other manifestations of excessively cold conditions, such as frozen water pipes, seeing one's breath, unusually stiff joints, or tongues sticking to metal objects. Furthermore, a duration of approximately one week is not an extended period of time such that it which would be indicative of deliberate indifference.

wanton or exhibited deliberate indifference to the plaintiff's health and safety.  The fact allegations simply fail to constitute the assertion of a wanton deprivation of basic necessities and cannot be construed as evidence sufficient to maintain an Eighth Amendment claim.  The amended complaint therefore fails to state an Eighth Amendment cause of action for violation of federal law and should be dismissed.

**Official Capacity Liability**

The amended complaint in this action does not specify whether the defendant Klang is sued in his official or his individual capacity and therefore it must be presumed that he is sued in his official capacity only.  Artis v. Francis Howell N. Band Boosters Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998).  A suit against the county sheriff in his official capacity is actually a suit against Crow Wing county.  Wade v. Tompkins, 73 Fed.Appx. 890, 893, 2003 WL 22053145, *3 (8th Cir.)(citing cf. Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 904-05 (8th Cir. 1999)).  Plaintiff in a §1983 action must allege either a party's direct involvement in alleged unconstitutional actions or the party's participation in the policy decision that created the unconstitutional basis for the allegations.  Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).  Absent direct personal involvement, the plaintiff must show that the particular defendant failed to properly train, supervise, direct, or control a subordinate who was directly involved in causing the alleged injury.  Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989).

With respect to official capacity liability in this instance the amended complaint states a general allegation that the defendant was the supervising authority in making final decisions as to the operations of the jail facility.  However, plaintiff cannot rely upon a supervisory-liability because the

county may not be held vicariously liable for the unconstitutional acts of employees. Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). A government entity may be held liable for the unconstitutional acts of its officials or employees when those acts implement an unconstitutional policy or custom. Id. To establish local government liability the plaintiff must show that such policy or custom was the moving force behind the constitutional violation. Id. (citing Monell v. Dept. of Soc. Serv., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978)). The amended complaint in this case contains fact allegations indicating that during April 2005, a construction project at the jail facility and other county buildings required that the heating system be shut down, and that county officials refused to stop the project during a one-week cold spell due to scheduling issues and construction costs. The complaint contains no express allegation that a constitutional violation arose out of the implementation or execution of county customs or policies and the court will not infer the existence of an offending policy on the basis of the facts that have been alleged. In this case the facts do not either establish a cause of action or state a factual foundation for a cause of action, based upon an unconstitutional policy or custom of maintaining unheated jail cells for Crow Wing County prisoners. Plaintiff Ulysses Haggenmiller has not stated a claim for official liability of defendant Eric Klang or Crow Wing County and the amended complaint should be dismissed on that ground as well as failure to state an Eighth Amendment violation.

**Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a claim if the "court has dismissed all claims over which it has original jurisdiction ...." Indeed, though the district court has discretion in determining whether to exercise jurisdiction over

pendant state law claims, the federal court should "exercise judicial restraint and avoid state law issues wherever possible." Minnesota Association of Nurse Anesthetists v. Unity Hospital, 5 F.Supp.2d 694, 711 (D. Minn. 1998)(quoting Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990)). "[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity." American Civil Liberties Union v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999). In this instance the magistrate judge recommends that the federal claims under § 1983 be dismissed and although plaintiff asks that the court exercise supplemental jurisdiction over his state law claims, it is not manifestly apparent that plaintiff has actually alleged any state law claims. Under these circumstances the Court should decline to exercise supplemental jurisdiction and the action should be dismissed.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the Magistrate Judge **recommends** that defendant's Motion to Dismiss [Docket No. 13] be **granted** and that the amended complaint pursuant to 42 U.S.C. §1983 [Docket No. 30] be dismissed with prejudice.

Dated:   September 21, 2006

  s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for

each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before October 6, 2006.